

---

## ORDER FROM CHAMBERS

SEDWICK, District Judge.

Enoch ADAMS, Jr., Leroy Adams, Andrew Koenig, Jerry Norton, David Swan, and Joseph Swan, Plaintiffs,

v.

TECK COMINCO ALASKA, INC., Defendant.

Nana Regional Corporation and Northwest Arctic Borough, Intervenors–Defendants.

No. A04–49 CV (JWS).

United States District Court, D. Alaska.

Nov. 10, 2005.

ton, and Joseph Swan move to exclude several undisclosed documents pursuant to Federal Rules of Civil Procedure 26 and 37. At docket 78, defendant Teck Cominco Alaska, Inc. ("Teck") opposes the motion. Plaintiffs' reply is filed at docket 82. No party requested oral argument, and it would not assist the court.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), a party must, "without awaiting a discovery request provide to other parties...a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Rule 37(c)(1) further provides that a "party that without substantial justification fails to disclose information required by Rule 26(a)...or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Pursuant to Rule 26(a)(1)(B) and Rule 37(c)(1), plaintiffs move to exclude the following documents on the grounds that defendant has not previously disclosed them: (1) the "Analysis of Daily Sand Filter Samples [Standard Operating Procedures]" dated April 2, 2005, (2) a letter from Kelly Huynh of the EPA dated April 21, 1998, and an undated fact sheet on the port permit, and (3) excerpts from "Short Term Methods for Estimating the Chronic Toxicity of Effluents and Receiving Water to Freshwater Organisms."[1] The court discusses each of the documents at issue below.

## ORDER FROM CHAMBERS

SEDWICK, District Judge.

### I. MOTION PRESENTED

At docket 68, plaintiffs Enoch Adams, Jr., Leroy Adams, Andrew Koenig, Jerry Nor-

### A. "Analysis of Daily Sand Filter Samples SOP"

■ In defendant's opening[2] and reply[3] briefs on its motion for summary judgment

---

1. Reply at 1, doc. 82.

2. Doc. 44.

on cadmium claims, defendant attached a document dated April 2, 2005, entitled "Analysis of Daily Sand Filter Samples [Standard Operating Procedures]." Plaintiffs allege that defendant did not disclose the above document, hereinafter referred to as the "2005 SOP," during the discovery period in this litigation. Plaintiffs further allege that Teck disclosed a 2003 version of sand filter standard operating procedures (the "2003 SOP") in the Kivalina Relocation Planning Committee ("KRPC") litigation and that "the differences between the 2005 SOP and the 2003 SOP are dramatic." [4] For example, the "Sample Analysis (Cadmium by graphite furnace AA)" section of the 2005 SOP contains seventeen steps, while the corresponding section in the 2003 SOP contains eleven steps.[5] Plaintiffs allege that defendant's failure to disclose the 2005 SOP was not harmless because "plaintiffs could not have their experts analyze the new SOP nor depose any [Teck] staffer about it during the discovery period." [6]

Defendant contends that it "met its obligation to disclose the existence of its standard operating procedures."[7] Defendant specifically avers that because Teck provided plaintiffs a copy of the 2003 SOP in the KRPC litigation and Jim Kulas testified in this litigation that new operating procedures are constantly being added, "it was incumbent upon the plaintiffs to request updated articulations of the procedures, or to inquire about the procedures in depositions, if they were at all interested in how those procedures are articulated at any given time." [8]

Rule 26(a)(1)(B) requires a party to provide other parties with copies of documents in the party's possession that "the disclosing party may use to support its claims or defenses." In addition, Rule 26(e)(1) requires a disclosing party to supplement its disclosures

"if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Defendant's disclosure of the 2003 SOP does not satisfy defendant's obligation to provide plaintiffs with copies of documents that defendant "may use" in the current litigation. In addition, Jim Kulas's deposition testimony that new operating procedures have "been implemented, you know, all along" does not satisfy defendant's obligation under Rule 26(e) to supplement its disclosures.[9] Contrary to defendant's assertion, Rule 26(e) places the burden on defendant as the disclosing party to supplement its disclosures, not on plaintiffs to request updated information as it becomes available.

For the reasons stated above, the court grants plaintiffs' motion to exclude as to the "Analysis of Daily Sand Filter Samples [Standard Operating Procedures]," dated April 2, 2005, which is attached to defendant's opening [10] and reply [11] briefs at docket numbers 41 and 59, respectively.

### B. Exhibit 2 to Defendant's Reply on Monitoring and Reporting Claims

■ Defendant filed a letter from Kelly Huynh, of the EPA, dated April 21, 1998, and an undated fact sheet on the port permit as exhibit 2 to defendant's reply brief [12] to its motion seeking summary judgment on plaintiffs' monitoring and reporting claims.[13] Plaintiffs allege that defendant did not disclose either document during the discovery period in this litigation and that the undated fact sheet "is materially different from the

3.  Doc. 59.

4.  Cole Declaration at 1, doc. 68.

5.  *Id.*

6.  Motion at 1, doc. 68.

7.  Opposition at 6, doc. 78.

8.  *Id.*

9.  Kulas Deposition at 52, doc. 78.

10.  Doc. 41.

11.  Doc. 59.

12.  Doc. 61, exh. 2.

13.  Doc. 44.

fact sheet disclosed to plaintiffs in the KRPC litigation." [14]

Defendant does not address plaintiffs' assertion that defendant failed to disclose the letter from Kelly Huynh dated April 21, 1998. The court concludes that Teck concedes the point. [15] As to the EPA fact sheet, defendant argues that it was not required to provide the fact sheet to plaintiffs because the EPA previously "provided the fact sheet at issue directly to plaintiff Jerry Norton and also to plaintiff's counsel Luke Cole." [16] Defendant further argues that Teck also produced a copy of the EPA fact sheet to plaintiffs in the KRPC litigation and that it "contained the identical language to that [Teck] relied upon in its motion/opposition." [17] Plaintiffs respond that "whether or not Mr. Cole or Mr. Norton received the 1998 fact sheet from EPA (in 1998 or 2001) is irrelevant," because the purpose of the discovery rules is for each party to disclose what documents it may use in the current litigation in order that the opposing party can prepare for trial and conduct further discovery if necessary. [18]

The advisory committee's note to Rule 26(a)(1) states that the scope of the disclosure obligation of subdivision (a)(1)(B) covers identification of documents that the disclosing party "may use" to support its claims or defenses and further explains that "use" includes "any use at a pretrial conference, to support a motion, or at trial." The advisory committee note also emphasizes that "[t]he obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)." [19]

Defendant does not deny it did not disclose either the letter from Kelly Huynh or the undated fact sheet on the port permit during the discovery period as documents in this matter. Because defendant failed to disclose the above-referenced documents, the court grants plaintiffs' motion to exclude as to the documents attached as exhibit 2 to docket 61.

## C. Exhibit 3 to Defendant's Reply on Monitoring and Reporting Claims

■ Exhibit 3 to defendant's reply brief [20] to its motion seeking summary judgment on plaintiffs' monitoring and reporting claims includes a document titled "Short Term Methods for Estimating the Chronic Toxicity of Effluents and Receiving Water to Freshwater Organisms." Defendant argues that it was not required to disclose the above document because 1) it is an EPA publication that is equally available to plaintiffs as it is to defendant, and 2) defendant does not possess a copy of the document. In support, defendant attaches an affidavit from its counsel stating in pertinent part,

I am aware that [Teck] does not have a copy of this manual, but obtains the use of this volume from public and/or private libraries whenever it has such a need. In the course of preparing [Teck's] Reply/Opposition, I instructed Mark Thompson to obtain a copy of relevant excerpts from such a library and to then authenticate the excerpts for use in that motion. [21]

As to defendant's first argument, plaintiff cites Rule 26 and states that defendant must disclose a document if it plans on using the document "to support its claims or defenses," regardless of whether it is a government publication or a corporate document. While plaintiffs question defendant's averment that it does not have a copy of the EPA manual, plaintiffs state that if the court "finds [defense counsel's] affidavit credible, then it should deny [plaintiffs'] motion as to this single document." [22] Because the court finds no reason to question the credibility of defense counsel's sworn testimony that the requested document is not in defendant's possession, the court denies plaintiff's motion to

**14.** Cole Declaration at 1, doc. 68.

**15.** *Cf.*, D.AK LR 7.1(d).

**16.** Opposition at 4, doc. 78.

**17.** *Id.*

**18.** Reply at 3, doc. 82.

**19.** Fed. R. Civ. P. 26 advisory committee's note.

**20.** Doc. 61, exh. 2.

**21.** Halloran Affidavit at 2, doc. 78.

**22.** Reply at 5, doc. 82.

exclude as to the "Short Term Methods for Estimating the Chronic Toxicity of Effluents and Receiving Water to Freshwater Organisms," which is attached as exhibit 3 to docket 61.

### III. CONCLUSION

For the reasons set out above, plaintiffs' motion to exclude at docket 68 is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiffs' motion to exclude is **GRANTED** as to the "Analysis of Daily Sand Filter Samples [Standard Operating Procedures]," which is filed at docket numbers 41 and 59, and the letter from Kelly Huynh and the EPA fact sheet, which is attached as exhibit 2 to docket 61. Plaintiffs' motion to exclude is **DENIED** as to "Short Term Methods for Estimating the Chronic Toxicity of Effluents and Receiving Water to Freshwater Organisms," which is attached as exhibit 3 to docket 61.